IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THE CITIZENS BANK OF THE MIDWEST, | ) ) ) |
| Plaintiff, | ) ) Case No. 6:21-cv-03286-RK |
| v. | ) ) |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 58, AFL-CIO | ) ) ) ) |
| and | ) ) |
| PAINTERS LOCAL UNION NO. 1265, | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Painters Local Union No. 1265's ("Local 1265") motion for remand (Doc. 13) and Defendant International Union of Painters and Allied Trades, District Council No. 58, AFL-CIO's ("District Council 58") motion to realign the parties (Doc. 16). Both motions are fully briefed. (Docs. 17, 23, 24.[1]) Also before the Court is Plaintiff The Citizens Bank of The Midwest's ("Plaintiff Bank") motion seeking a pay-in order, order of discharge, and attorney's fees. (Doc. 20.)[2] After careful consideration, and for the reasons explained below, it is **ORDERED** that:

(2) District Council 58's motion to realign (Doc. 16) is **GRANTED** and Local 1265 is realigned as the plaintiff and District Council 58 shall remain as the defendant;

(2) Local 1265's motion to remand (Doc. 13) is **DENIED**; and

(3) Plaintiff Bank's motion seeking a pay-in order, order of discharge, and attorney's fees (Doc. 20) is **GRANTED in part** and **DENIED without prejudice in part**.

---

[1] Local 1265 filed its "Suggestions in Opposition to Motion to Realign the Parties" more than five weeks out of time and without seeking leave from the Court. Counsel is advised that failure to seek leave to file out of time or to seek an extension may result in future filings being stricken.

[2] No response was filed to this motion.

I. Background

This is an interpleader action originally filed in state court by Plaintiff Bank against Defendants Local 1265 and District Council 58. The interpleader action concerns funds held by Plaintiff Bank in three accounts originally opened by Local 1265, with a present balance of $146,422.65. (Doc. 1-1 at 3.)

The dispute over the funds in these accounts appears to have originated with Local 1265's March 2014 merger with Painters Local Union No. 1185, a part of District Council 58. District Council 58 argues that as a result of the merger and pursuant to the Constitution of the International Union of Painters and Allied Trades ("IUPAT Constitution") and District Council 58's own bylaws, the assets of Local 1265 (including the funds concerned here) became assets of Painters Local Union No. 1185, in turn a subsidiary of District Council 58. Local 1265 argues it has retained ownership of the funds and seeks to disburse the funds to its former members. Plaintiff Bank filed the instant interpleader action in Missouri state court on November 2, 2021, to determine whether the funds belong to Local 1265 or District Council 58. (*See* Doc. 1-1.)

On November 5, 2021, District Council 58 removed the case to federal court asserting federal question jurisdiction under section 301 of the Labor Management Relations Act ("LMRA").[3] In the Notice of Removal, District Council 58 argues Local 1265's consent to removal is not required or is immaterial because (1) 28 U.S.C. § 1446(b)(2) does not require the consent of defendants who have not yet been served at the time of removal, and (2) as the real parties in interest, Local 1265 and District Council 58 must be realigned as opposing parties.

Local 1265 was served on November 8, 2021, after the case had been removed to this Court. Local 1265 filed its motion to remand on December 3, 2021. Local 1265 offers two arguments in support of remand: (1) removal was improper because this Court lacks subject matter

---

[3] In relevant part, § 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

28 U.S.C. § 185(a).

jurisdiction, and (2) even if subject matter jurisdiction is present, all defendants must consent to removal. In opposition, District Council 58 reasserts the arguments made in its Notice of Removal.

## II. Discussion

### A. Motion to Realign the Parties

First, the Court considers District Council 58's motion to realign the parties. Generally, "[i]t is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966). This is necessary especially in interpleader actions to ensure the "parties . . . [are] positioned so that their rights are the same as they would have been had they not been artificially aligned as co-defendants in the interpleader action." *Hidey v. Waste Sys. Int'l, Inc.*, 59 F. Supp. 2d 543, 546 (D. Md. 1999); *accord U.S. Bank Nat'l Ass'n v. Suzohapp Americas, LLC*, No. 4:19-CV-02033, 2020 WL 563068, at *2 (E.D. Mo. Feb. 4, 2020). "[B]ecause the interpleader's interest in the case is terminated once it interpleads the funds, it is removed from the [realignment] analysis." *U.S. Bank Nat'l Ass'n*, 2020 WL 563068 at *2 (citation omitted). That is, only the alignment of Local 1265 and District Council 58 is of consequence, here. *See id.*

Both parties argue the other should be realigned as plaintiff. (*See* Docs. 17 at 18; 23 at 1.) District Council 58 argues that because Plaintiff Bank was prompted to file the instant interpleader action only after "a representative of the former Local 1265 [] raised the concern with [Plaintiff Bank] over the funds held in District Council 58's bank account," Local 1265 should be considered the plaintiff in realignment. (Doc. 17 at 13.) On the other hand, Local 1265 argues District Council 58 should be realigned as the plaintiff because it is the "requesting party" in that "District Council 58 improperly requested [the funds] from [P]laintiff [Bank]." (Doc. 23 at 5.) Local 1265 also counters District Council 58's argument by contending Local 1265 "raised concerns over District Council 58's ownership of the funds only after, and because, the accounts and funds were transferred to District Council 58 [by Plaintiff Bank] in June of 2021," and "Local 1265 merely raised concerns that Plaintiff Bank had transferred the funds and accounts at issue without Local 1265's permission to District Council 58." (*Id.* at 4.)

As explained in § II.B.1 below, the Court finds it has subject matter jurisdiction in this case. Consequently, regardless of whether District Council 58 or Local 1265 are realigned as the plaintiff, the Court finds the outcome would have been the same. In other words, had District Council 58 brought the lawsuit directly against Local 1265 regarding these funds, it would have

3

done so in federal court as it now seeks to assert federal jurisdiction over the claim involving these particular funds. Similarly, had Local 1265 filed the action directly against District Council 58 in state court, District Council 58 would have removed the action to this court and asserted federal jurisdiction just as it has done here. *See also U.S. Bank Nat'l Ass'n*, 2020 WL 563068, at *2.

The instant action concerning the disputed funds, as Local 1265 has itself acknowledged, appears to rest upon Plaintiff Bank having transferred the funds "without notice, consent, or permission of Local 1265 who was in fact the account holder at that time . . . to District Council 58." (Doc. 23 at 2.) Accordingly, District Council 58's motion for realignment is **GRANTED** and Local 1265 is realigned as the plaintiff and District Council 58 shall remain as the defendant.

### B. Motion to Remand

Local 1265 argues the instant case must be remanded to state court for two reasons. First, Local 1265 argues a union constitution is not a contract between labor organizations for purposes of section 301 of the LMRA and therefore, this Court lacks subject matter jurisdiction. Second, Local 1265 argues removal was improper under 28 U.S.C. § 1446 because it did not consent to removal.

#### 1. Federal Question Jurisdiction

A civil case filed in state court may be removed to federal court if the federal court would have had subject matter jurisdiction originally. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. Generally, the "well pleaded complaint rule" requires that "a federal question must appear on the face of the plaintiff's complaint in order to create federal question jurisdiction." *Johnson v. MFA Petroleum Co.,* 701 F.3d 243, 247 (8th Cir. 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A "corollary of the well-pleaded complaint rule," however, is that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "Under the complete preemption doctrine, a claim, despite a plaintiff's attempt to plead it in terms of state law, 'is in reality based on' and 'arises under' federal law." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1189 (8th Cir. 2015) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

First, the Court finds it has subject matter jurisdiction to hear this case because "[a]lthough complete preemption is rare, it exists under § 301 of the LMRA." *Johnson v. Humphreys*, 949

4

F.3d 413, 415-16 (8th Cir. 2020) (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968)). The Supreme Court has plainly held that "a union constitution is a 'contract' within the plain meaning of § 301(a)." *United Ass'n of Journeymen & Apprentices v. Loc. 334*, 452 U.S. 615, 622 (1981); *see also Wooddell v. Int'l Bd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 99 (1991) (reaffirming the same). The Eighth Circuit has held that claims concerning the breach of a union constitution are thus preempted by the LMRA and give rise to federal question jurisdiction and removal to federal court under the complete preemption doctrine. *DeSantiago v. Laborers Int'l Union of N. Am., Local No. 1140*, 128-29 (8th Cir. 1990). Local 1265's argument that the IUPAT Constitution is not a "contract" under section 301 of the LMRA is not persuasive.

Nonetheless, Local 1265 also argues the state-law interpleader action is not preempted by section 301 of the LMRA because it does not depend on an analysis of the IUPAT Constitution. (*See* Doc. 13 at 5.) The LMRA preempts state-law claims that "involv[e] the application and interpretation of a union's constitution." *Millbrook v. Midwest Region Organizing Comm./LiUNA*, No. 4:14-CV-00771-BCW, 2014 WL 12616986, at *1-2 (W.D. Mo. Dec. 11, 2014) (citing *Wooddell*, 502 U.S. at 98; *DeSantiago*, 914 F.2d at 128) (holding plaintiff's discrimination and retaliation claims were preempted by LMRA because they ultimately depended on analysis of the union constitution). Despite Local 1265's suggestion in its motion to remand that the instant interpleader action "does not raise an issue of federal law," Local 1265 also appears to concede that resolving the issue of who is entitled to the funds depends at least in part on the application and interpretation of the IUPAT Constitution. As Local 1265 states in its suggestions:

> Local 1265 contends that because the merger happened in March of 2014, and because the International Constitution that District Council 58 [c]ites to did not become effective until January of 2020, that the International Constitution dated January 1, 2010[,] should be the controlling document at hand because it was the document in effect at the time of the merger.

(Doc. 23 at 3-4, ¶ 3.) No matter which IUPAT Constitution applies to the merits, the parties appear to agree the determination of the ownership of the funds depends at least in part on the application and analysis of the IUPAT Constitution. Accordingly, section 301 of the LMRA completely preempts the state-law interpleader claim brought by Plaintiff Bank against Defendants District Council 58 and Local 1265, and therefore, subject matter jurisdiction properly lies with this Court.

5

## 2. Local 1265's Consent to Removal

Having found (1) Local 1265 must be realigned as the plaintiff and District Council 58 will remain as the defendant, and (2) the Court has federal subject matter jurisdiction under LMRA preemption, Local 1265's arguments regarding its consent to removal are immaterial.

In its Notice of Removal and opposition to Local 1265's motion to remand, District Council 58 argues Local 1265's consent to removal was not required because it had not been served. Generally, 28 U.S.C. § 1446 requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Numerous courts have interpreted this provision to mean "a defendant who has not yet been served with process is not required to join [the petition for removal]." *See Bailey v. Markham*, No. CIV 19-0519 JB\GBW, 2020 WL 1324477, at *40 (D.N.M. Mar. 20, 2020); *Medtronic, Inc. v. Ernst*, 182 F. Supp. 3d 925, 932 & 932 n.1 (D. Minn. 2016) (holding defendant who had not been served prior to removal was not required to consent to removal) (citing *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014)) (other citations omitted); *Roberts v. Palmer*, 354 F. Supp. 2d 1043, 1044 (E.D. Mo. 2005) (unserved defendants need not consent for removal to be effective, collecting cases) (holding defendant who had been served not required to obtain consent of unserved defendant to properly effectuate removal to federal court); *see also Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 n.8 (6th Cir. 1994); *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) (noting that § 1446(b)(2)(A)'s "clear statutory language requir[es] only served defendants to consent to removal."). The Court generally agrees the plain meaning of § 1446(b)(2)(A) requires the consent at the time of removal only of those defendants who have been served.

At the same time, although cited by neither party, 28 U.S.C. § 1448 expressly recognizes service of process in removal cases "may be completed or new process issued in the same manner as in cases originally filed in such district court" as to any defendants who "ha[ve] not been served with process or in which the service ha[d] not been perfected prior to removal." The statute provides, further: "This section shall not deprive any defendant upon whom process is served after removal of his right to remand the case." In other words, a defendant served after removal may remand the case to state court. *See Ford v. Associated Electric Coop., Inc.*, No. 2:17 CV 71 CDP, 2017 WL 5903969, at *1-2 (E.D. Mo. Nov. 30, 2017) (granting motion to remand filed by a

previously unserved defendant); *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1045 (E.D. Mo. 2005) (citing *Hutchins v. Priddy*, 103 F. Supp. 601, 607 (W.D. Mo. 1952)).

Here, though, Local 1265 has been realigned as the plaintiff in this action. Its consent to removal is thus unnecessary, irrelevant, or immaterial. *See Branch Banking & Tr. Co. v. ServisFirst Bank*, No. 2:19-CV-00366, 2019 WL 7165980, at *8 (S.D.W. Va. Dec. 20, 2019) ("There is little reason here to allow defendants with adverse interests to thwart removal by withholding their consent."); *Fenwick Commons Homeowners Ass'n, Inc. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 2:19-CV-00057-DCN, 2019 WL 1760150, at *2 (D.S.C. Apr. 22, 2019) ("When a court decides to realign defendants as plaintiffs, a defendant's lack of consent for removal can be deemed immaterial."); *Cent. Flying Serv., Inc. v. StarNet Ins. Co.*, No. 4:13CV00330 JLH, 2013 WL 12253551, at *5 (E.D. Ark. Aug. 29, 2013) (collecting cases); *Liebau v. Columbia Cas. Co.* 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001) (alignment of class defendants as plaintiffs eliminates requirement that class defendants must have consented to the removal). As the plaintiff in this action after realignment, Local 1265's motion to remand is **DENIED**. *See Suzohapp Americas, LLC*, 2020 WL 563068 (denying motion to remand after realigning parties in interpleader action where party seeking remand was realigned as a plaintiff); *McKeen v. Continental Cas. Co.*, No. 10-10624, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010); *Insured Aircraft Title Serv. v. Emmons Aviation, LLC*, No. Civ-05-1031-C, 2005 WL 2994279, at *3 (W.D. Okla. Nov. 8, 2005).

### C. Motion for Pay-In, Discharge, and Attorney's Fees

Finally, Plaintiff Bank seeks an order to deposit the disputed funds into the Registry of the Court and for the Court to discharge Plaintiff Bank from further liability in this case. (Doc. 20.) As explained below, Plaintiff Bank's motion is **GRANTED in part** and **DENIED without prejudice in part**.

Having found proper removal jurisdiction in this case, Plaintiff Bank's motion is **GRANTED** as it relates to the pay-in and discharge order. Within fourteen (14) days of the date of this Order, Plaintiff Bank shall deposit into the Registry of the Court $142,422.65. Upon deposit of the disputed funds with the Court, Plaintiff Bank is discharged from any further liability in this case.

Additionally, however, Plaintiff Bank requests attorney's fees in the amount of $3,075 be deducted from the disputed funds and withheld from its deposit of the funds. (*Id.* at 1.) For the

7

reasons set forth below, Plaintiff Bank's motion is **DENIED without prejudice** as it relates to its request for attorney's fees.

Generally, federal courts may award attorney's fees in an interpleader action "when it is fair and equitable to do so." *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1093-94 (D. Haw. 2007) (citing Wright, Miller, & Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001)) (other citation omitted); *see Pro-Steel Bldgs., Inc. v. United States*, 810 F. Supp. 2d 1302, 1305 (M.D. Fla. 2011) (noting "[t]he issue is essentially equitable: a stakeholder who merely wishes to avoid liability for an erroneous choice between conflicting claims ordinarily should be made whole") (citations omitted); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 & n.4 (8th Cir. 1940) ("Since the court had jurisdiction of the [interpleader] suit, there can be no question of its power to make reasonable allowances for attorneys' fees") (collecting cases); *see also Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962) (under 28 U.S.C. § 2361, federal courts "continue[] the former equity practice of allowing attorney fees to interpleading plaintiffs in strict actions of interpleader").

Whether to award attorney's fees in an interpleader action (as well as the amount of any such award) is vested in the discretion of the district court. *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *see also Wescott Agri-Prod., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012).

An interpleader action should be "simple, speedy, efficient and economical," and ordinarily there is "no justification for seriously depleting the fund deposited in court." *Hunter*, 111 F.2d at 557. "While a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest." *Federated Mut. Ins. Co. v. Moody Station & Grocery,* 821 F.3d 973, 979 (8th Cir. 2016) (citation and quotation marks omitted). Generally, attorney's fees and costs should be awarded as related to "the preparation of a petition, the deposit in court or posting of a b[o]nd, service on the claimants, and the preparation of an order discharging the stakeholder." *Western-Southern Life Assur. Co. v. Lee,* No. 4:13-CV-2499 (CEJ), 2015 WL 2124753, at *1 (E.D. Mo. May 6, 2015) (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1719 (3d ed. 1998)) (other citation omitted); *see id.* at *3 ("[r]ecoverable expenses in an interpleader action are properly limited to the attorney fees billed to prepare the complaint, obtain service of process

8

on the claimants to the fund[s], and secure the plaintiff's discharge from liability and dismissal from the lawsuit") (citations and quotation marks omitted).

Generally, the rule governing attorney's fees in an interpleader action is one of reasonableness. *See id.* at *2; *U.S. Bank Nat'l Ass'n*, 2022 WL 112154 at *2; *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). The starting point for calculating reasonable attorney's fees is the "lodestar" which multiplies the number of hours reasonably expended by a reasonable hourly rate. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *Texas Life Ins. Co. v. Packman*, No. 4:13-CV-2019 JAR, 2014 WL 1400182, at *1 (applying lodestar method to determine a reasonable attorney's fee award in interpleader action). The plaintiff "bears the burden of establishing entitlement to an award," and "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433, 437. However, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433; *see also Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (reducing fee award because of inadequate documentation).

While the Court finds Plaintiff Bank is entitled to recover its attorney's fees in relation to bringing this interpleader action, Plaintiff Bank has failed to provide any documentation demonstrating the hours expended and hourly rates applied to determine the reasonableness of any such award of attorney's fees. "[S]ince the attorney fees are reimbursed out of the interpleaded fund, 'there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1071 (S.D. Iowa Mar. 4, 2014) (citation omitted). Plaintiff's request to withhold from its deposit of the disputed funds $3,075 as attorney's fees is, at this time, **DENIED without prejudice**.

### III. Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) District Council 58's motion to realign the parties (Doc. 16) is **GRANTED** and the Clerk of the Court is directed to modify the case caption to reflect Local 1265 as the sole plaintiff and District Council 58 as the sole defendant; and

(2) Local 1265's motion for remand (Doc. 13) is **DENIED**;

(3) Plaintiff The Citizens Bank of the Midwest's motion seeking a pay-in order, discharge, and attorney's fees (Doc. 20) is **GRANTED in part** and **DENIED without prejudice in part**.

9

Within fourteen (14) days of the date of this Order, Plaintiff Bank shall deposit into the Registry of the Court the disputed funds in the amount of $142,422.65. Upon deposit, Plaintiff Bank is discharged from any further liability in this case as to these funds. Plaintiff's request to withhold $3,075 from its deposit as attorney's fees is denied without prejudice.

    **IT IS SO ORDERED**.

                                                        s/ Roseann A. Ketchmark
                                                         ROSEANN A. KETCHMARK, JUDGE
                                                         UNITED STATES DISTRICT COURT

    DATED:  February 28, 2022