IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAINTERS LOCAL UNION NO. 1265, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:21-cv-03286-RK ) |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 58, AFL-CIO, | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant International Union of Painters and Allied Trades, District Council No. 58, AFL-CIO's ("District Council No. 58") motion to strike *pro se* response to order to show cause. (Doc. 38.) After careful consideration, and for the reasons explained below, the Court **ORDERS** as follows:

(1) District Council No. 58's motion to strike (Doc. 38) is **GRANTED**;

(2) Doc. 37 ("*pro se* response to order to show cause") is **STRICKEN** from the record; and

(3) Painters Local Union No. 1265 shall obtain substitute counsel, and such substitute counsel shall enter an appearance on behalf of Painters Local Union No. 1265 in this matter by **July 29, 2022**. Failure to do so may result in the Court, without further notice, treating District Council No. 58's motion for summary judgment as an unopposed motion, and proceeding accordingly.

## I. Background

District Council No. 58 removed this interpleader action to federal court on November 5, 2021. (Doc. 1.) On February 28, 2022, the Court issued an order (1) granting the interpleader-plaintiff's[1] motion for pay-in order and order of discharge, (2) granting District Council No. 58's motion to realign the parties, and (3) denying Painters Local Union No. 1265's motion to remand. (Doc. 25.) Pursuant to this order, Painters Local Union No. 1265 was re-aligned as the plaintiff in this cause of action to determine the ownership of approximately $146,000 in disputed funds. (*Id.*)

---

[1] The interpleader-plaintiff in this action was The Citizens Bank of the Midwest.

On March 14, 2022, counsel for Painters Local Union No. 1265 filed a motion to withdraw. (Doc. 26.) The Court denied the motion to withdraw on the same day pursuant to Local Rule 83.2[2] and caselaw recognizing that an entity cannot proceed *pro se* in federal court. (Doc. 27.)

On April 26, 2022, District Council No. 58 filed a motion for summary judgment. (Doc. 32.) On May 17, 2022, counsel for Painters Local Union No. 1265 filed a motion to extend the time to respond to the summary judgment motion. (Doc. 34.) The motion to extend stated that Painters Local Union No. 1265 had terminated counsel's legal representation and it needed additional time to obtain substitute counsel. (*Id.*) The Court granted the motion for extension of time and ordered that Painters Local Union No. 1265 file a summary judgment response by May 31, 2022. (Doc. 35.)

On June 3, 2022, after Painters Local Union No. 1265 failed to file a response to District Council No. 58's summary judgment motion, the Court issued an order to show cause. (Doc. 36.) Painters Local Union No. 1265's show-cause response was due June 8, 2022. (*Id.*) On June 8, 2022, a "*pro se* response to order to show cause" was filed purportedly on behalf of Painters Local Union No. 1265 by Monica M. Zarcone, as a Former Painters Local Union No. 1265 Member / Financial Secretary. (Doc. 37.)

## II. Discussion

Generally, parties may proceed before a federal court "personally or by counsel." 28 U.S.C. § 1654. Entities, however, must be represented in federal court by and through counsel or legal representation; they cannot proceed in a *pro se* manner. *See United States v. Lylalele, Inc.*, 221 F.3d 1345 (Table), 2000 WL 688237, at *1 (8th Cir. May 30, 2000) ("corporations and trusts cannot appear in federal court without legal representation") (citations omitted); *LeDuc Gifts & Specialty Prods., LLC v. Sachs*, 393 F. Supp. 3d 980, 981 (D. Minn. 2018) (corporations may not proceed *pro se*); *Amteco, Inc. v. BWAY Corp.*, 241 F. Supp. 2d 1028, 1030-31 (E.D. Mo. 2003) (recognizing the law requires "that only a lawyer may speak for a corporation *in court*") (citing *Carr Enterps., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)) (emphasis in original). Nothing in the "*pro se* response to order to show cause" filed by Ms. Zarcone suggests she is a licensed attorney capable of representing Painters Local Union No. 1265 in the action now pending

---

[2] Local Rule 83.2 requires a showing of good cause to withdraw as counsel and provides good cause is satisfied with entry of appearance of substitute counsel. To date, no other attorney has entered an appearance on behalf of Painters Local Union No. 1265 in this matter.

before the Court, and no other attorney besides counsel of record[3] has entered an appearance on behalf of Painters Local Union No. 1265 in this case.

Accordingly, for the reasons explained above, the Court **ORDERS** as follows:

(1) Defendant's motion to strike (Doc. 38) is **GRANTED**;

(2) Doc. 37, "*pro se* response to order to show cause," is **STRICKEN** from the record; and

(3) Plaintiff Painters Local Union No. 1265 shall obtain substitute counsel, and such substitute counsel shall enter an appearance on behalf of Plaintiff, by **July 17, 2022**. Failure to do so may result in the Court, without further notice, treating Defendant District Council No. 58's motion for summary judgment as an unopposed motion, and proceeding accordingly.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: June 30, 2022

---

[3] The Court is cognizant of the somewhat tenuous role in which counsel for Painters Local Union No. 1265 now finds himself – his client having terminated his legal representation and the Court denying counsel's motion to withdraw.

This district has adopted the Rules of Professional Conduct set forth by the Missouri Supreme Court as the "District's Code of Professional Responsibility." Local Rule 83.6(c)(1). The Missouri Rules of Professional Conduct provides that a lawyer "shall not represent a client or . . . shall withdraw from the representation of a client" if "the lawyer is discharged." Rule 4-1.16(a)(3). Nonetheless, the Missouri rules also provide:

> A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation unless the lawyer has filed a notice of termination of limited appearance. Except when such notice is filed, a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating representation.

Rule 4-1.16(c). Until leave to withdraw is granted pursuant to Local Rule 83.2, and because Painters Local Union No. 1265 cannot proceed in a *pro se* manner, counsel remains the counsel of record as to Painters Local Union No. 1265 in this case. To the extent further communication with the Court is necessary prior to entry of appearance of substitute counsel, Painters Local Union No. 1265 must therefore do so through counsel of record.