IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PAINTERS LOCAL UNION NO. 1265, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-03286-RK |
| | ) |
| INTERNATIONAL UNION OF | ) |
| PAINTERS AND ALLIED TRADES, | ) |
| DISTRICT COUNCIL NO. 58, AFL-CIO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant International Union of Painters and Allied Trades, District Council No. 58, AFL-CIO's ("District Council 58") motion for leave to reopen and supplement its motion for summary judgment. (Doc. 48.) Plaintiff – which remains unrepresented by counsel[1] – did not respond to District Council 58's motion. After careful consideration and for the reasons explained below, the motion is **GRANTED**, and summary judgment is entered in favor of District Council 58 as to $146,422.65 in interpleaded funds at issue in this case.

## I. Background[2]

This is an interpleader action involving the disputed ownership of $146,422.65 in funds now held by the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure.

The International Union of Painters and Allied Trades ("International Union") (formerly, The Brotherhood of Painters, Decorators and Paperhangers of America) is a labor union consisting of affiliated and subordinate district councils and local unions. District councils are labor unions with governing authority over local unions within their territorial jurisdiction. Local unions are subordinate to and fully affiliated with district councils and the International Union. In addition

---

[1] On September 7, 2022, the Court granted Plaintiff's counsel's motion to withdraw. (Doc. 44.) Plaintiff has been on notice of the necessity to secure substitute counsel at least as early as June 3, 2022, when the Court ordered Plaintiff to show cause why a timely summary judgment response had not been filed and why Defendant's initial motion for summary judgment should not be granted as unopposed, and to inform the Court about the status of Plaintiff's substitute counsel. (Doc. 36.)

[2] Unless noted otherwise, the facts are taken from the Court's prior summary judgment order (Doc. 41) without further attribution.

to their own bylaws, local unions are also governed by the Constitution of the International Union of Painters and Allied Trades ("International Constitution").

In 1940, Plaintiff Painters Local Union No. 1265 ("Local 1265") was granted a charter to form a local union of the International Union. From that time until March 15, 2014, Local 1265 was subordinate to and affiliated with District Council No. 2. On March 13, 2014, the General President of the International Union ordered that Local 1265 be merged into Painters Local Union No. 1185 ("Local 1185"); the merger was to be effective as of March 15, 2014. The General President's merger order specifically directed that Local 1265's "membership, funds, property, or other assets and territorial jurisdiction" be merged and transferred to Local 1185. At the time of the merger, Local 1185 was subordinate to and affiliated with District Council 58. Local 1185 is subject to and bound by the bylaws of District Council 58. (Doc. 48-2 at ¶ 28.)

Further facts are set forth as necessary.

## II. Legal Standard

Although District Council 58's motion for summary judgment is unopposed, the Court applies the same standard of review applicable to all summary judgment motions. *Caranchini v. Nationstar Mortg. LLC*, No. 4:17-CV-00775-DGK, 2019 WL 418119, at *2 (W.D. Mo. Feb. 1, 2019); *see Calon v. Bank of Am., N.A.*, 915 F.3d 528, 530 (8th Cir. 2019) (in reviewing the grant of defendant's unopposed motion for summary judgment, the court "must still determine that the moving party is entitled to judgment as a matter of law on each claim") (citation and quotation marks omitted). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of showing both that no material fact is genuinely disputed and that the movant is entitled to judgment as a matter of law. *See Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted).

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (citations and quotation marks omitted). At the summary judgment stage, the movant must "support" its motion either by "citing to particular parts of materials in the record" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); Fed. R. Civ. P. 56(c)(1).

### III. Discussion

The question in this case is who is entitled to the $146,422.65 in funds previously held by the Citizens Bank of the Midwest ("Bank") and now held by the Court – Local 1265 or District Council 58? In the prior summary judgment order, the Court concluded the summary judgment record clearly demonstrated that Local 1265 is not entitled to the funds at issue because, with the General President's merger order, the local union simply no longer exists but was merged in its entirety – including its funds, assets, and membership – into Local 1185. (Doc. 41 at 4.) The next question, though, is whether District Council 58 has established that it is otherwise entitled to the funds at issue.

Under District Council 58's bylaws – which apply to Local 1185 – a local union may retain up to $24,000 of its "Local Union treasury," with any remaining amounts, real estate, or assets to be "turned over to the District Council upon affiliation." (Doc. 48-3 at ¶ 9.) At the time this interpleader action was filed, the Bank held the $146,422.65 in funds in three accounts under the name of District Council 58 with District Council 58's Business Manager/Secretary-Treasurer and Local 1185's Business Representative as the authorized signatories. (*Id.* at ¶ 11.) Accordingly, the Court finds District Council 58, rather than Local Union 1265, is entitled to the $146,422.65 in interpleader funds now held by the Court.[3]

### IV. Conclusion

For the reasons set forth above, District Council 58's motion to reopen and supplement its motion for summary judgment is **GRANTED**, and summary judgment is entered in District Council 58's favor as to the interpleaded funds. Accordingly, the Court further **ORDERS** that the Clerk of the Court pay out from the registry fund of the Court the principal sum of $146,422.65, plus all accumulated interest, to International Union of Painters and Allied Trades, District Council No. 58, AFL-CIO, c/o Carl Farrell, 2501 59th St., St. Louis, Missouri 63110.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 28, 2022

---

[3] Local 1185's Business Representative attests that "Local 1185 agrees and consents to the $146,422.65 . . . be[ing] awarded and paid to District Council 58 where pursuant to the District Council Bylaws it will be held for the benefit of Local 1185." (Doc. 48-4 at ¶ 12.)